IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA FOR ) <br> THE USE OF TWIN CITY ELECTRIC, ) <br> LLC ) <br>     **Plaintiff** ) <br> ) <br> ) <br> ) <br> **VERSUS** ) <br> ) <br> **SAUER INCORPORATED AND** ) <br> **FEDERAL INSURANCE COMPANY** ) <br> ) <br> ) <br>     **Defendants** ) | CIVIL ACTION NO. 3:15-cv-01847-RGJ-KLH <br><br> JUDGE ROBERT G. JAMES <br><br> MAG. JUDGE KAREN L. HAYES |

## ANSWER AND DEFENSES OF SAUER INCORPORATED

NOW INTO COURT, through undersigned counsel, comes Sauer Incorporated ("Sauer") and for its answer and defenses to the Complaint filed against it by the United States of America for the use of Twin City Electric, LLC ("Twin City") shows and says as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This action should be transferred to the United States District Court for the Middle District of Florida and Sauer reserves the right to seek such transfer and to enforce the mandatory forum selection clause in the subcontract between the parties.

## THIRD DEFENSE

After agreeing to perform certain additional work at stated prices and after expressly agreeing in writing to extend the time in which it would be obligated to commence performance of said work, Twin City breached its subcontract with Sauer by failing and refusing to commence such performance, all to the damage and detriment of Sauer.

## FOURTH DEFENSE

The damages incurred and being incurred by Sauer as a direct and proximate result of Twin City's breach of the subcontract are increasing and the ultimate amount of all such damages is not yet fixed; accordingly Sauer pleads all rights of setoff and recoupment against Twin City.

## FIFTH DEFENSE

In strict accordance with Article 3 of the subcontract, Twin City was obligated to furnish to Sauer surety bonds to secure the faithful performance of Twin City's work under the subcontract, including all such additional work which Twin City was obligated to perform pursuant to the requirements of Schedule "A", C.2. Twin City, however, materially breached the terms of the subcontract by failing to provide such required bonds leading to Sauer's termination of the subcontract and making Twin City liable for all resulting damages.

## SIXTH DEFENSE

In strict accordance with Article 10.1.1 of the subcontract, by virtue of Twin City's material breach thereof, Sauer was entitled to and did exercise its right to contract with a

third party for substitute performance and to withhold any payments due or to become due Twin City.

## SEVENTH DEFENSE

In strict accordance with Article 10.1.2 of the subcontract, after Sauer terminated Twin City, Sauer was entitled to and did employ a third party for substitute performance, the costs for which Twin City is liable, including reasonable overhead, profit, costs and expenses to be deducted from any money due or to become due Twin City under the subcontract.

## EIGHTH DEFENSE

The Complaint is barred by Twin City's breach of its subcontract with Sauer by failure to timely and completely perform Twin City's work.

## NINTH DEFENSE

All or part of Twin City's claims are barred by its breach of the subcontract.

## TENTH DEFENSE

The facts not having been fully developed through discovery, Sauer reserves and preserves all good faith defenses available to it pursuant to Rule 12(b), Fed. R. Civ. Proc.

## ELEVENTH DEFENSE

The facts not having been fully developed, Sauer reserves and preserves all good faith affirmative defenses available to it pursuant to Rule 8(c)(1), Fed. R. Civ. Proc.

## **ANSWER**

AND NOW, answering the specific allegations of the Complaint, each of the following numbered paragraphs corresponding thereto, Sauer further says as follows:

1. Admitted.

2(a). Denied and Sauer would affirmatively show that it is organized and existing under the laws of the State of Pennsylvania .

2(b). Denied and Sauer would affirmatively show that Federal Insurance Company is organized and existing under the laws of the State of Indiana.

3. Admitted.

4. Denied and Sauer would affirmatively show that, pursuant to the forum selection clause of the subcontract entered into with Twin City, the United States District Court for the Middle District of Florida is the exclusive venue for this dispute.

5. Denied.

6. Admitted.

7. Sauer admits that it and its surety, Federal Insurance Company, provided a Payment Bond with respect to the project at issue but would affirmatively show that the bond is No. 82286858.

8. Sauer admits that Twin City executed the referenced subcontract and denies the allegations respecting the same to the extent they are at variance with the terms of the subcontract. The remaining allegations are denied.

9. Denied.

10. Denied.

11. Sauer admits that it has not paid what Twin City alleges is due and relies for its position upon its affirmative defenses.

12. These allegations appear to be legal conclusions for which no response from Sauer is required. Should a response be deemed required, they are denied.

13. Denied.

14. Sauer denies that it breached the subcontract.

15. Denied.

16. Admitted and Sauer asserts its affirmative defenses as justification for the same.

17. Denied.

18. Denied to the extent this allegation implies that Sauer owes Twin City under the subcontract or otherwise.

19. Admitted but, if these allegations imply any liability on the part of Sauer to Twin City, they are denied.

20. Denied, as is the following unnumbered Prayer for Relief ¶¶ 1-7.

AND NOW, having answered each and every allegation of the Complaint filed against it, Sauer demands that the Complaint be transferred to the United States District Court for the Middle District of Florida and dismissed against it with prejudice, the Plaintiff to bear all costs.

Dated: July 2, 2015.

    RESPECTFULLY SUBMITTED,
    SAUER INCORPORATED

    *s/ Tammye C. Brown*
    Tammye C. Brown, T.A., Bar #29108
    BRUNINI LAW FIRM
    190 E. Capitol Street

Suite 100
Jackson, MS  39201
tbrown@brunini.com
Phone:  (601) 948-3101
Fax :  (601) 960-6902

CERTIFICATE OF SERVICE

 I hereby certify that on July 2, 2015, I presented the following foregoing pleading to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

 Mr. Carroll Devillier Jr. (carroll.devillier@bswllp.com)

 Ms. Danielle L. Borel (danielle.borel@bswllp.com)

 Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.

           *s/ Tammye C. Brown*
           Tammy C. Brown, T.A., (Bar No. 29108)
           Firm:  Brunini, Grantham, Grower & Hewes
           Address:  190 E. Capitol Street, Suite 100
             Jackson, MS  39201
           Telephone:  601-948-3101
           Fax:  601-960-6902
           Email:  tbrown@brunini.com