UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF TWIN CITY ELECTRIC LLC | * | CIVIL ACTION NO. 15-1847 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SAUER INC AND FEDERAL INSURANCE CO | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge is a motion to transfer venue [doc. # 16] filed by defendants, Sauer Inc. ("Sauer") and Federal Insurance Co. ("Federal Insurance") (collectively, "Defendants"). Plaintiff, Twin City Electric LLC ("Twin City"), opposes the Motion. [doc. # 25]. Defendants filed a reply memorandum in support of their motion. [doc. # 36]. For reasons assigned below, the motion is GRANTED, and the matter is hereby TRANSFERRED to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a).[1]

### Statement of Facts

On June 10, 2015, Twin City filed the instant complaint under the Miller Act, 40 U.S.C. § 3131, *et seq.*, against the Defendants. [doc. # 1]. Sauer entered into a contract with the United States for renovations and site/drainage improvement to Army barracks in Fort Polk, Louisiana.

---

[1] As this order does not address one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor disposes of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

*Id*. at 2. Federal Insurance, as surety, issued a payment bond on behalf of Sauer pursuant to the Miller Act, 40 U.S.C. § 3131. *Id.* Twin City then entered into a subcontract agreement with Sauer to provide labor, equipment, and materials for indoor and outdoor electrical, communication and special systems. *Id.* at 3.

The United States, as part of the general contract, had the choice to exercise a number of options for renovation in addition to the base contract. [doc. # 16-1, p. 10]. Pursuant to the subcontract agreement, Sauer would award Twin City any options exercised by the United States. *Id.* at 11-12. Additionally, Twin City was bound to provide Sauer with a surety bond for all of the subcontract work performed, including any options exercised by the United States. *Id.* at 6. On September 25, 2013, and January 6, 2014, Sauer issued Change Orders to Twin City after the United States exercised its choice as to Option 2 for Barracks 2042. [docs. # 16, p. 2; # 16-2]. Defendants allege that Twin City was unable to obtain the required surety bond and subsequently failed to perform the Option 2 work. [ doc. # 16, p. 2]. Twin City contends that it performed its scope of work under the subcontract agreement and that Sauer currently owes Twin City $766,070.00 for work performed. [doc. # 1, p. 3].

Defendants now move the Court to transfer venue to the United States District Court for the Middle District of Florida pursuant to the forum selection clause in the subcontract. [doc. # 16]. The clause states: "[i]f Subcontractor is dissatisfied with such decision, either party may seek to have the dispute resolved in any court having jurisdiction over [Sauer]'s office address written above. " [doc. # 16-1, p. 7]. Sauer's office address is "11223 Phillips Parkway Drive East, Jacksonville, Florida 32256, [which] is located within the Middle District of Florida." [doc. # 16, p. 3]. Defendants argue that the forum selection clause is mandatory, rather than

2

permissive. [doc. # 36]. Plaintiff contends that the forum selection clause is permissive and therefore should not control venue. [doc. # 25]. Plaintiff filed its opposition to the motion on September 11, 2015. *Id.* Defendants filed a reply brief on September 28, 2015. [doc. # 36]. Thus, the matter is ripe for decision.

## Discussion

**I.      The Forum Selection Clause Takes Precedence**

As noted above, Defendants seek transfer to the United States District Court for the Middle District of Florida pursuant to a forum selection clause contained in the subcontract agreement. The Supreme Court explained in *Atlantic Marine* that 28 U.S.C. § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). The federal venue transfer statute states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer the case bears the burden of demonstrating to the court that transfer of venue is warranted. *See e.g., Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

Although the Miller Act provides that the plaintiff must bring this civil action "in the United States District Court for any district in which the contract was to be performed and executed," 40 U.S.C. § 3133(b)(3)(B), this provision is "merely a venue requirement" and not jurisdictional. *See In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979). As a result, a valid forum-selection clause can trump the Miller Act's venue provision. *Id.*; *Texas Const. Co. v. U.S. for Use of Caldwell Foundry & Mach. Co.*, 236 F.2d 138, 143 (5th Cir. 1956).

Consequently, in light of the forum-selection clause in the subcontract agreement here, *see* [doc. # 16-1], the court finds that Plaintiff could have originally filed this case in the Middle District of Florida.

## II. Forum Selection Clause is Mandatory

Having determined that this matter is governed by a valid forum selection clause, the court must turn to 28 U.S.C. § 1404(a) to give effect to the parties' intent. *Atl. Marine*, 134 S. Ct. at 581. The Supreme Court in *Atlantic Marine* held that district courts may not consider private-interest factors when considering a motion to transfer venue from a forum that violates a valid forum-selection clause. *Id.* At least one Circuit Court has stated, and several District Courts agree, that *Atlantic Marine's* heightened standard applies only to mandatory venue clauses. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029 (11th Cir. 2014); *Fin. Cas. & Sur., Inc. v. Parker*, 2014 WL 2515136, at *2 (S.D. Tex. June 4, 2014); *U.S. ex rel. MDI Servs., LLC v. Fed. Ins. Co.*, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014); *PNC Bank, N.A. v. Akshar Petrol., Inc.*, 2014 WL 1230689, at *6 (M.D. Fla. Mar. 25, 2014).

A mandatory clause must clearly indicate that it is the parties' intent to "expressly limit the forum[s] to the one[s] listed in the contract." *Bentley v. Mutual Benefits Corp.*, 237 F.Supp.2d 699, 701 (S.D. Miss. 2002); *see also New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Typically, words such as "must", "only", or "shall" are indicators of mandatory clauses. *See Bentley*, 237 F.Supp.2d at 701. Here, the exact forum selection clause in the subcontract agreement was found to be mandatory in a recent District Court decision.[2] *U.S.*

---

[2] The forum selection clause between Sauer and Twin City states, "[i]f Subcontractor is dissatisfied with such decision, either party may seek to have the dispute resolved in any court having jurisdiction over [Sauer]'s office address written above. " [doc. # 16-1, p. 7].

*ex rel. MDI Services, LLC v. Fed. Ins. Co.* 2014 WL 1576975 (N.D. Ala. Apr. 17, 2014). In *U.S. ex rel. MDI Services*, the court looked at the forum selection clause and reasoned:

> To support their contention that the Subcontract's forum-selection clause is permissive, Plaintiffs point to the clause's use of the term "may.". . . [t]he court notes that the Subcontract provides a progressive, mandatory dispute resolution process in the event of a dispute arising under the Subcontract. Only after several attempts to settle the dispute with Sauer does the forum-selection clause come into play. Specifically, the Subcontract provides that "[i]f [Plaintiff] is dissatisfied with such decision, either party may seek to have the dispute resolved in any court having jurisdiction over Sauer's office address written above." It is clear, in the context of the dispute resolution process, that the term "may" only applies to whether [Plaintiff] decides to pursue the dispute in court. In other words, Sauer is not giving [Plaintiff] permission to pursue the action in a specific forum; rather, it is finally giving [Plaintiff] permission to bring suit after unsuccessful attempting to resolve the dispute with Sauer. Accordingly, the court finds that the Subcontract's forum-selection clause is mandatory.

*Id.* at *3 (citations omitted).

The Court agrees with the reasoning and finding of the Alabama District Court. Like the plaintiff in *U.S. ex rel. MDI Services*, Twin City alleges that the term "may" indicates that the forum selection clause is permissive. However, in context, "may" refers to whether the Plaintiff decides to pursue the dispute in court, rather than what forum is selected. Section 11.1.2 of the subcontract agreement mandates that Plaintiff must attempt to settle any disputes with Sauer first. Only after that process is satisfied "may" Plaintiff "seek to have the dispute resolved in any court having jurisdiction over [Jacksonville, Florida]." [doc. # 16-1, p. 7]. Therefore the Court finds that the clause is mandatory and thus, *Atlantic Marine* controls.

### III. Transfer is Warranted

In the typical case not involving a forum selection clause, the party seeking transfer must establish good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.

2008) (en banc). To make this determination, the court considers a number of "not necessarily exhaustive or exclusive" private and public interest factors. *Id*. The presence of the forum selection clause requires the court to alter its usual § 1404(a) analysis, in three ways,

> 1) The Plaintiff's choice of forum is accorded no weight;
>
> 2) The court may not consider arguments concerning private interest factors; and
>
> 3) If transferred, the case does not retain the original venue's choice of law rules.

*See Atlantic Marine*, 134 S. Ct. 568 (2013).

These modifications ensure that "a valid forum selection clause [will be] given controlling weight in all but the most exceptional cases." *Id.* (citation and internal quotation marks omitted). The public interest factors considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315. Applying the public interest factors, the court finds the following:

> **1)     Administrative Difficulties Flowing from Court Congestion**

There is no evidence that this factor is a consideration in this case. Thus, it remains neutral.

> **2)     Local Interest in Having Localized Interests Decided at Home**

This factor seeks to uphold the ideal that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Here, however, neither side has requested a jury. Moreover, both the

transferor and transferee courts have significant connections to the instant dispute: Plaintiff resides here, whereas Defendants reside in Florida and New Jersey. Also, a significant portion of the dispute arises out of events that occurred in this district and division. Accordingly, this factor remains neutral.

**3 & 4) Familiarity of the Forum with the Law That Will Govern the Case; and the Avoidance of Unnecessary Problems of Conflict of Laws [Or In] the Application of Foreign Law**

Plaintiff's complaint includes claims arising under federal and Louisiana state law. To the extent that this case will require application of Louisiana law, *see* [doc. 16-1, p. 8], this consideration nominally weighs in against transfer. With regard to the state law claims, however, both this court and the proposed transferee court are equally capable of applying the pertinent law. The Supreme Court recently observed that "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Const. Co., Inc.*, 134 S. Ct. at 584. Furthermore, as in *Atlantic Marine*, this court is not aware of "any exceptionally arcane features of [Louisiana] . . . law that are likely to defy comprehension by a federal judge sitting in [Florida]." *Id.* At best, this factor tilts but minimally against transfer.

In sum, Twin City has not demonstrated that application of the public-interest factors overwhelmingly disfavor transfer as required to override the otherwise presumptive effect of the subcontract agreement's forum selection clause.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the motion to transfer venue [doc. # 16] filed by Defendants, Sauer

and Federal Insurance, is GRANTED, and this matter is hereby TRANSFERRED to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a).

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of September 2015.

                                            KAREN L. HAYES
                                            UNITED STATES MAGISTRATE JUDGE